IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOWARD E. LEVENTHAL,

                    Petitioner,                                OPINION AND ORDER

          v.
                                                                      26-cv-40-wmc
WARDEN ALISHA KRAUS,[1]

                    Respondent.

---

Petitioner Howard E. Leventhal, who is representing himself while in state prison, has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and probation revocation in Ozaukee County Case No. 21CF16.  Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review and dismiss the petition if it plainly appears that the petitioner is not entitled to relief.  Complaints and petitions filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Even under this lenient standard, the court must dismiss this action for the reasons explained below.

OPINION

The court must dismiss this proceeding because Leventhal previously filed a federal habeas petition challenging the same conviction and probation revocation in the Eastern District of Wisconsin, which denied relief on the merits.  *See Leventhal v. Knowles*, No. 25-cv-525, 2025 WL 2159712, at *22-23 (E.D. Wis. July 30, 2025).  Under 28 U.S.C.

---

[1] The original petition named Acting Warden Bryant of the Oakhill Correctional Institution as respondent.  (Dkt. #1, at 1.)  Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, the court substitutes current Warden Alisha Kraus as the state official having custody of petitioner.

§ 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application.  A second or successive petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits.  *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (petition is successive if it challenges state-court judgment that was challenged previously, but it is not successive if it challenges a new judgment entered after resentencing).

Because the Eastern District of Wisconsin denied relief and dismissed Leventhal's prior petition on the merits, his pending petition is successive and he has not presented any authorization from the Seventh Circuit.  Absent approval from the Seventh Circuit, this court has no authority to consider the petition and must dismiss it.  *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Finally, because reasonable jurists would not debate whether this petition qualifies as second or successive, the court will not issue a certificate of appealability.  *See Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (requiring a habeas petitioner to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner").

ORDER

IT IS ORDERED that:

1.  Howard E. Leventhal's petition for a writ of habeas corpus is DISMISSED without prejudice as an unauthorized second or successive petition.

2.  All pending motions are DENIED as moot.

3.  Petitioner is DENIED a certificate of appealability.

4.  The clerk of court shall enter judgment accordingly and close this case.

Entered this 28th day of July, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge